IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SCOTTSDALE INSURANCE COMPANY, )
                                               )
          Plaintiffs,                          )
                                               )
v.                                             )          CIVIL ACTION NO. 11-00578-N
                                               )
THE MITCHELL COMPANY, and          )
JDC ACQUISITION CORPORATION,   )
                                               )
          Defendants.                          )

ORDER

This action is before the Court on a motion for summary judgment (docs. 95-97)

filed by the plaintiff, Scottsdale Insurance Company ("Scottsdale").  This action has been

referred to the undersigned Magistrate Judge (doc. 53) pursuant to the consent of the

parties (doc. 51) to conduct all proceedings and order the entry of judgment in

accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.   Upon consideration of the

motion, defendants' response in opposition thereto (doc. 99), Scottsdale's reply (doc.

100), and all other pertinent portions of the record, the Court concludes that plaintiff's

motion for summary judgment is due to be **GRANTED**.

I.       Background.

This lawsuit was filed on October 7, 2011, and arises from defendants' failure to

pay deductibles owed on four commercial general liability insurance policies issued by

Scottsdale beginning in 2004.  The remaining defendants at this juncture include: The

Mitchell Company, Inc. ("Mitchell"), JDC Acquisition Corporation ("JDC"),  JDC

Florida, Inc. (JDC Florida"),  The Mitchell Company an Alabama General Partnership

("Mitchell GP"), Mitchell Homes, Incorporated ("Mitchell Homes"), and The Mitchell

Company, Ltd. ("Mitchell Ltd").[1]  Mitchell, JDC and JDC Florida are identified as

Named Insureds on each of the four policies at issue in this litigation.  (Doc. 96 at ¶ 2;

Doc. 99 at 2).  In addition to these defendants, Mitchell GP and Mitchell Homes are

Named Insureds on Policy # 1 and Mitchell Ltd is a Named Insured on Policies # 2 and #

3. Scottsdale seeks reimbursement of deductibles paid on behalf of the defendants under

the policies at issue.  An Amended Complaint was filed on December 21, 2011 (doc. 41).

A Second Amended Complaint was filed on April 3, 2012 (doc. 62).

---

[1] Pursuant to a joint stipulation of dismissal (doc. 42), Defendants BDS, LLC; Armay Equities, Inc.; Armay Development Corporation; Marbit Incorporated; Marbit Equities, Inc.; Luco Development Incorporated; Luco Equities, Inc.; Mitchell Mineral Company; and Red Brick LLC were dismissed with prejudice on December 30, 2011 (doc. 43).  Pursuant to a second joint stipulation of dismissal (doc. 69), Defendants John B. Saint; Donald P. Kelly, Jr.; Chester J. Stefan; and Paul Charles Wesch, Esq., as well as Defendants Airport and Cody, LLC; Avalon Property, LLC; Bama Bayou, LLC; Banyan Construction & Development Inc.; Bently Oaks, LLC; Berryhill Property, LLC: Caribbean Venture LLC; Carriage Towne, LLC; Charlotte Harbour Holdings, LLC; CMC, LLC; Coronado Condominium, LLC; DMTC, LLC; DSS, LLC; Grassy Lake, Ltd.; Gulf Condos, LLC; H&M LLC; Hidden Lake LLC; Holiday Isle, LLC; Hope VI Family, LLC; Huntington Park LLC; Kasubra LLC; Legacy Condominiums, LLC; Legacy II Condominiums, LLC; Legacy Oaks at Springhill, LLC; LVRC, LLC; Mitchell Riverwalk, LLC; Nine Mile Road of Pensacola,LLC; Pinnacle, LLC; Security First Title of the Southeast of Alabama LLC; Southeastern Partners, Incorporated; Southern Ventures LLC; The Mitchell Company of the Southeast Inc.; The Mitchell Corporation of Louisiana; The Southern Group I LLC; The Southern Group II, LLC; West Park Limited Liability Company; Facility Support Solutions, Inc. f/k/a Allied Retail Services, Inc.; B&L Title Services, LLC; Banyan Financial Services, LP; Banyan Joint Ventures, Inc. Belair Business, Inc.; Caribbean West, LLC; Challenger, Ltd.; D & F, LLC; Directors/Officers and Trustees l) John B. Saint, Donald P. Kelly Jr., and Chester J. Stefan as Directors of JDC Acquisition Corporation and The Mitchell Company, Inc. and as Trustees of the Mitchell Company, Inc. Employee Stock Ownership Plan; 2) John B. Saint Donald P. Kelly, Jr., Chester J. Stefan and Paul Charles Welch as President and Secretary respectively of JDC Acquisition Corporation; and 3) Those individuals shown on the attached schedule as officers of The Mitchell Company, Inc.; Disposition and Management Inc.; Hexagon Investments, LLC; Hope VI Elderly LLC; Iland Vacations, LLC; JDC Mortgage; JDC Support Services, LLC; John B. Saint, Donald P. Kelly, Jr, and Chester J, Stefan as Trustees of The Mitchell Company, Inc. Employee Stock Ownership Plan; Magnolia, Pointe Homes, LLC; Marine Park LLC; Mitchell Equities; Mitchell Support Services, LLC; Model Homes, LLC; Oak Grove Apartments, Ltd., Paragon Investments, LLC; Riverwalk, LLC; Ross Bridge, LLC; South-Com Utility Co.; Southeast Telco Systems,Inc.; Springhill-Tuthill Property; Springhill-Tuthill Tenancy in Common; Survivor LLC; The Landings Associates, Ltd.; The Mitchell Company, Inc. Employee Stock Ownership Plan; The Mitchell Company, Inc. Employee Stock Ownership Plan Trust, The Mitchell Corporation of Florida, Inc. d/b/a The Mitchell Corporation of Florida; Various Homeowners Associations when controlled by The Mitchell Company, Inc.; Whispering Pines; Whispering Pines Tenancy in Common; and The Singer Company, Inc. were dismissed without prejudice on May 25, 2012 (doc. 71).  In the May 25, 2012 Order (doc. 71), the Court dismissed with prejudice Counts IV, V and VI of Scottsdale's Second Amended Complaint (doc. 62).  Remaining pending are Counts I, II and III of the Second Amended Complaint.

The defendants filed their Answer on June 12, 2012 (doc. 74).  An Amended Answer was filed on January 29, 2013 (doc. 88).

Scottsdale filed the present motion for summary judgment on March 22, 2013 (docs. 95-97).  Defendants filed a response in opposition on April 19, 2013 (doc. 99) and Scottsdale filed a reply on May 3, 2013 (doc. 100).  The issues have now been fully briefed and are ripe for determination.

II.    Undisputed Facts.

1.    Scottsdale is seeking reimbursement of deductibles alleged to be owed by the defendants on one or more commercial general liability policies issued by Scottsdale beginning in 2004.  (Doc. 62 at ¶¶ 91-107, 116-18).

2.    Scottsdale Policy No. CLS1073942 ("Policy 1") identifies The Mitchell Company, Inc., JDC Acquisition Corporation, JDC Florida, Inc., The Mitchell Company, an Alabama General Partnership, and Mitchell Homes Incorporated as Named Insureds. (Doc. 96-1 at 2-3).  Policy 1 was effective from September 15, 2004 to September 15, 2005.  (*Id.* at 4).  Policy 1 contains a "Bodily Injury, Property Damage, Personal Injury and Advertising Injury Liability Deductible Endorsement"  ("Deductible Endorsement"), which provides that the amount of the deductible is "$5,000.00 per occurrence."  (*Id.* at 37).  It further provides:

> We may pay any part or all of the deductible amount to effect settlement of any claim or "suit" and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

3

(*Id*. at 38).  In addition, the Deductible Endorsement provides for an annual stop loss or aggregate of $50,000.00 and, upon exhaustion of this aggregate, a deductible of $1,000.00 per occurrence is applied.  (*Id*. at 37).

3.       Scottsdale Policy No. CLS1140044 ("Policy 2") identifies The Mitchell Company, Inc., JDC Acquisition Corporation, JDC Florida, Inc., and The Mitchell Company, Ltd. as Named Insureds.  (Doc. 96-2 at 4).  Policy 2 was effective from September 15, 2005 to September 15, 2006.  (*Id*. at 89).  Policy 2 contains a "Bodily Injury, Property Damage, Personal Injury and Advertising Injury Liability Deductible Endorsement"  ("Deductible Endorsement"), which requires the Named Insureds to pay a deductible of "$5,000.00 per claimant" for bodily injury, and "$5,000.00 per claimant" for property damage.  (*Id*. at 59).  As in Policy 1, Policy 2 also provides:

> We may pay any part or all of the deductible amount to effect settlement of any claim or "suit" and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

(*Id*. at 60).  Policy 2 also provided the same provision for an annual stop loss or aggregate of $50,000.00 and, upon exhaustion of this aggregate, a deductible of $1,000.00 per occurrence is applied.  (*Id*. at 59).

4.       Scottsdale Policy No. CLS1268607 ("Policy 3") identifies The Mitchell Company, Inc., JDC Acquisition Corporation, JDC Florida, Inc., and The Mitchell Company, Ltd. as Named Insureds.  (Doc. 96-3 at 11).  Policy 3 was effective from September 15, 2006 to September 15, 2007.  (Doc. 96-2 at 90).  Policy 2 contains a "Bodily Injury, Property Damage, Personal Injury and Advertising Injury Liability Deductible Endorsement"  ("Deductible Endorsement"), which requires the Named

Insureds to pay a deductible of "$25,000.00 per claimant" for bodily injury, and

"$25,000.00 per claimant" for property damage.  (Doc. 96-3 at 51).  As in Policies 1 and

2, Policy 3 also provides:

> We may pay any part or all of the deductible amount to effect settlement of
> any claim or "suit" and, upon notification of the action taken, you shall
> promptly reimburse us for such part of the deductible amount as has been
> paid by us.

(*Id*. at 51).  Policy 3 also contains a provision for an annual stop loss or aggregate of

$250,000.00 and, upon exhaustion of this aggregate, a deductible of $5,000.00 per

occurrence is applied.  (*Id*. at 51).

     5.     Scottsdale Policy No. CLS1404086 ("Policy 4") identifies The Mitchell

Company, Inc., JDC Acquisition Corporation, and JDC Florida, Inc. as Named Insureds.

(Doc. 96-4 at 1).  Policy 4 was effective from September 15, 2007 to September 15,

2008.  (*Id*. at 73).  Policy 4 contains a Deductible Endorsement, which requires the

Named Insureds to pay a deductible of "$5,000.00 per claimant" for bodily injury, and

"$5,000.00 per claimant" for property damage.  (*Id*. at 68).  As in the other policies at

issue, Policy 4 also provides:

> We may pay any part or all of the deductible amount to effect settlement of
> any claim or "suit" and, upon notification of the action taken, you shall
> promptly reimburse us for such part of the deductible amount as has been
> paid by us.

(*Id*. at 68).  Policy 4 further contains the same provision for an annual stop loss or

aggregate of $50,000.00 and, upon exhaustion of this aggregate, a deductible of

$1,000.00 per occurrence is applied.  (*Id*. at 68).

     6.     Defendants do not dispute that Scottsdale, under each of the subject

policies, is only responsible for "damages in excess of the deductible amounts" and "[t]he

deductible amounts apply to damages and all legal and loss adjustment expenses." (Doc. 96-1 at 37-38, Doc. 96-2 at 59-60,  Doc. 96-3 at 51, Doc. 96-4 at 68).

7.      From 2004 to 2010, numerous third-parties made claims and filed lawsuits against the defendants for property damage and bodily injury relating to the installation of allegedly defective drywall in homes constructed by the defendants.  (Doc. 96-5 through Doc. 96-8).  Each of the defendants named in this lawsuit were named as defendants in the underlying lawsuits.  (*Id.*).  Defendants concede that "Scottsdale did in fact provide indemnification and defense under its policies to the six Defendants under these various policies."  (Doc. 99 at 2; *see* Doc. 96-9).

8.      It is further undisputed that Scottsdale, in the course of providing a defense to the defendants, took steps to adjust and pay the claims and expenses at issue.  (Doc. 96-9 at 12).  The costs and expenses incurred by Scottsdale in connection the defense of the underlying claims and lawsuits exceeded defendants' deductibles under the subject policies.  (Doc. 96 at 5; Doc. 96-10 at ¶¶ 4-6).  Scottsdale has paid more than $1,063,224.40 to defend claims and lawsuits on behalf of the Named Insureds and an additional $847,838.96 to settle various claims and lawsuits filed against the Named Insureds.  (Doc. 96-10 at ¶ 4). Some of these underlying lawsuits are still in litigation and Scottsdale continues to provide a defense to the defendants.  (Doc. 96-10 at ¶ 3).

9.      Defendants acknowledge the deductibles owed under the four policies at issue, as here summarized:

| Policy | Insured under policy | Total deductible amount claimed by Scottsdale |
|---|---|---|
| CLS1073942 | **The Mitchell Company, Inc., JDC Acquisition Corp., JDC Florida, Inc.**, The Mitchell Co., an Alabama General | $5,000.00 |

| CLS1140044 | Partnership & Mitchell Homes, Inc. | |
| | **The Mitchell Company, Inc., JDC Acquisition Corp, JDC Florida, Inc**., The Mitchell Co., Ltd. | $51,000.00 |
| CLS1268607 | **The Mitchell Company, Inc., JDC Acquisition Corp., JDC Florida, Inc**., The Mitchell Co., Ltd. | $260,000.00 |
| CLS1404086 | **The Mitchell Company, Inc., JDC Acquisition Corp., JDC Florida, Inc**. | $29,000.00 |

(Doc. 99 at 2, as corrected by the Court based on Doc. 96 at 2, *citing* Docs. 96-1, 96-2, 96-3, and 96-4, emphasis placed on the three defendants common to all four policies).

The basis for Scottsdale's claims can be summarized as follows:

| Policy # | Claim # | Claimants | Resulting Deductible | Total Aggregate |
|---|---|---|---|---|
| #1 CLS 1073942 | 1307169 | Eighty-seven (87) | $5,000.00 | $ 5,000.00 |
| #2 CIS 1140044 | 1282479 | Eighty-seven (87) | $544.71 per claimant | $50,000.00 |
| | 1310845 | One (1) | $1,000.00 post-aggregate, per occurrence | $ 1,000.00 |
| #3 CLS 1268607 | 1260105 | Eighty-seven (87) | < $25,000 per claimant, within $250,000.00 permitted aggregate (Claims combined: 1260105, 1311409 and 1289683) | $177,294.70 |
| | 1311409 | Seven (7) | | $60,279.12 |
| | 1289683 | One (1) | | $12,426.18 |
| | 1352821 | Seven (7) | $5,000.00 post-aggregate, per occurrence | $5,000.00 |
| | 1325961 | One Hundred and One (101) | $5,000.00 post-aggregate, per occurrence | $5,000.00 |

7

| | | | | |
|---|---|---|---|---|
| #4<br>CLS 1404086<br><br>Prior to claims set forth herein, $25,000.00 of $50,000.00 aggregate had already been paid. | 1200931 | Eighty-seven (87) | < $5,000 per claimant | $25,000.00 |
| | 1282785 | Four (4) | $1,000.00 post-aggregate, per occurrence | $1,000.00 |
| | 1310844 | One (1) | $1,000.00 post-aggregate, per occurrence | $1,000.00 |
| | 1352817 | One (1) | $1,000.00 post-aggregate, per occurrence | $1,000.00 |
| | 1341806 | One (1) | $1,000.00 post-aggregate, per occurrence | $1,000.00 |

(Doc. 96 at 6-10, Doc. 96-10 at ¶ 5).

10.    Beginning in May of 2011, Scottsdale has issued a number of invoices to the defendants for the payment of the deductibles owed as set forth above.  *See*, Docs. 96-11, 96-12, 96-14, 96-15, 96-16, 96-17, 96-18, 96-19, and 96-20.  The total amount of deductibles currently owed by the defendants is $345,000.00.  *See*, Doc. 19-20. Defendants admit that they have not paid any sum to Scottsdale for any of the deductibles currently owed. (Doc. 99 at 2-3).

III.    Summary Judgment Standard.

In analyzing the propriety of a motion for summary judgment, the Court begins with these basic principles. The Federal Rules of Civil Procedure grant this Court authority under Rule 56 to render "judgment as a matter of law" to a party who moves for summary judgment. "[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact. . . .'" <u>Celotex Corp. v. Catrett,</u> 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

All of the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. <u>Adickes v. S.H. Kress & Co.,</u> 398 U.S. 144, 157 (1970); <u>Jackson v. BellSouth Telecomms.,</u> 372 F.3d 1250, 1280 (11th Cir. 2004); <u>Continental Cas. Co. v. Compass Bank,</u> 2006 WL 644472, *1 n. 2 (S.D. Ala., March 09, 2006).  However, Rule 56(e) states that:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . . If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." <u>Anderson v. Liberty Lobby, Inc.,</u> 477 U.S. 242, 249-50 (1986) (internal citations omitted). "Summary judgment is mandated where a party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" <u>Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.,</u> 508 F.3d 641, 647 (11th Cir. 2007), *citing* <u>Johnson v. Bd. Of Regents,</u> 263 F.3d 1234, 1243 (11th Cir. 2001); <u>Williams v. Barnes,</u> 2008 WL 2326322, *3  (S.D. Ala., June 02, 2008).  *See also* <u>Smith v. Naples Community Hosp., Inc.,</u> 433

Fed.Appx. 797, 799 (11th Cir. July 7, 2011)( "Speculation does not create a genuine issue of fact.")

IV.    Analysis.

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." Shaffer v. Regions Financial Corp., 29 So.3d 872, 880 (Ala. 2009), *quoting* Reynolds Metals Co. v. Hill, 825 So.2d 100, 105 (Ala. 2002).  The elements of a valid contract include: " 'an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract'." *Id.*, *quoting* Ex parte Grant, 711 So.2d 464, 465 (Ala. 1997)(*quoting* Strength v. Alabama Dep't of Fin., Div. of Risk Mgmt., 622 So.2d 1283, 1289 (Ala. 1993)).  *See also* Williams Service Group, LLC v. National Union Fire Ins. Co. of Pittsburgh, 495 Fed.Appx. 1, *2, *5 (11th Cir. Oct. 23, 2012)(Held that insurer was entitled to unpaid deductible-like reimbursements where claims were not time barred).

The defendants in this case do not challenge the validity of the insurance policies at issue in this litigation or any provision within these contracts.  Nor do the defendants dispute that Scottsdale performed as required by the insurance contracts by providing "indemnification and defense under its policies to the six Defendants under these various policies."  (Doc. 99 at 2; *see* Doc. 96-9).  Defendants also concede that they have not paid to Scottsdale the $345,000.00 which represents the deductibles owed under the four insurance policies at issue.  (Doc. 99 at 2-3).  Finally, the defendants do not contend that Scottsdale's calculations regarding the amount paid pursuant to each policy, including the amount which represents the deductible paid by Scottsdale and due to be reimbursed, is

10

in any way incorrect.  Consequently, Scottsdale has established its damages resulting from the defendants' failure to reimburse the deductibles as required by the subject policies.

Defendants argue only that "Scottsdale has not provided a breakdown which would show the separate amount of deductible reimbursement expense under each policy it claims from each of the six Defendants." (Doc. 99 at 2).  Although Scottsdale has not divided the amount due on each policy into a specific charge for each of the Named Insureds on that policy, it was not required to do so inasmuch as the Named Insureds are jointly and severally liable for the deductible reimbursement expense due under each policy.  Each policy provides that:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.

(*See e.g.*, Doc. 96-2 at 21).  As set forth above, Scottsdale has indicated the precise amount due as the deductible reimbursement for each of the subject policies and each of the Named Insureds on that policy is jointly and severally liable for that amount due.  In other words, Scottsdale has established that:

- The Mitchell Company, Inc., JDC Acquisition Corporation, JDC Florida, Inc., The Mitchell Company, an Alabama General Partnership, and Mitchell Homes, Incorporated are jointly and severally liable for $5,000.00 due with respect to Policy # 1.

- The Mitchell Company, Inc., JDC Acquisition Corporation, JDC Florida, Inc., and The Mitchell Company, Ltd. are jointly and severally liable for $51,000.00 due with respect to Policy # 2.

- The Mitchell Company, Inc., JDC Acquisition Corporation, JDC Florida, Inc., and The Mitchell Company, Ltd. are jointly and severally liable for $260,000.00 due with respect to Policy # 3.

- The Mitchell Company, Inc., JDC Acquisition Corporation, and JDC Florida, Inc., are jointly and severally liable for $29,000.00 due with respect to Policy # 4.

Defendants point to no provision of the insurance contracts at issue that is contrary to the language establishing joint and several liability.  *See e.g.*, Penton v. American Bankers Ins. Co. of Fla., 114 Fed.Appx. 622, 626 (5th Cir. Nov. 10, 2004)("In this case, although the settlement agreement is silent on the issue of joint liability, there is Texas case law dictating that joint promisors are deemed to be jointly liable for the entire agreed to obligation, unless the agreement contains contrary language."). *See also*, FPC Financial, f.s.b. v. Layton,  2010 WL 4180742, * 2 (M.D. Ala. Oct. 20, 2010)( it is permissible under Alabama law for a plaintiff to sue multiple defendants for the same injury in a breach of contract action), *citing* Shirley v. Lin, 548 So.2d 1329, 1335 (Ala. 1989)("Once judgment is rendered against more than one defendant on a joint contract, [Alabama law] provides that the defendants are responsible jointly and severally for the entire amount."); Louisville & N.R. Co. v. Strickland, 219 Ala. 581, 122 So. 693, 696 (1929)("[A]ny suit at law properly brought against two or more parties is by such authority rendered joint or joint and several.").  *Cf.* Jackson v. Bush, 82 Ala. 396, 1 So. 175, 177 (Ala. 1887) ("Separate and distinct promises to pay, made at different times, will not support a joint action against the separate promisors, although they may impose a separate liability on each of the defendants.").

Defendants further contend that joint and several liability cannot be imposed because Scottsdale has not asserted in its Second Amended Complaint (doc. 62) that "the claims against the six Defendants in this case is [sic] joint and several."  (Doc. 99 at 4).

12

Notwithstanding defendants' contention to the contrary the Second Amended Complaint asserts, in pertinent part:

> 132. Pursuant to the contractual provisions of the subject Policies, Defendants and their agents, representatives, and employees have an obligation to pay a deductible on each Policy as set forth herein above and ***are jointly and severally liable*** to plaintiff Scottsdale for any unpaid deductibles.

(Doc. 62 at ¶ 132, emphasis added).

In the final analysis, the undersigned concludes that Scottsdale has established that it is entitled to judgment in its favor on its breach of contract claims against the defendants and, therefore, to a judgment directing reimbursement of all deductibles it has paid on behalf of the defendants under the terms of the four insurance policies at issue in this litigation. Such judgment is due to be entered against the defendants, jointly and severally as set out herein.

CONCLUSION

For the reasons set forth above, it is **ORDERED** that Scottsdale's motion for summary judgment (docs. 95-97) be and is hereby **GRANTED** and that **JUDGMENT** be entered in favor of the plaintiff, Scottsdale Insurance Company, and against the defendants, The Mitchell Company, Inc., JDC Acquisition Corporation,  JDC Florida, Inc.,  The Mitchell Company an Alabama General Partnership, Mitchell Homes, Incorporated, and The Mitchell Company, Ltd., in the amount of $345,000.00, as follows:

1.  The Mitchell Company, Inc., JDC Acquisition Corporation, JDC Florida, Inc., The Mitchell Company, an Alabama General Partnership, and Mitchell Homes, Incorporated are jointly and severally liable for $5,000.00 due with respect to Policy #

2.  The Mitchell Company, Inc., JDC Acquisition Corporation, JDC Florida, Inc.,

and The Mitchell Company, Ltd. are jointly and severally liable for $51,000.00 due with respect to Policy # 2.

3.  The Mitchell Company, Inc., JDC Acquisition Corporation, JDC Florida, Inc., and The Mitchell Company, Ltd. are jointly and severally liable for $260,000.00 due with respect to Policy # 3.

4.  The Mitchell Company, Inc., JDC Acquisition Corporation, and JDC Florida, Inc., are jointly and severally liable for $29,000.00 due with respect to Policy # 4. Costs are to be taxed against the defendants, jointly and severally.  Judgment shall bear interest at the statutory rate from the date of entry.

**DONE** this  11th  day of June, 2013.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**