IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SCOTTSDALE INSURANCE COMPANY, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO. 11-00578-N
)
THE MITCHELL COMPANY, and )
JDC ACQUISITION CORPORATION, )
)
    Defendants. )

MEMORANDUM OPINION AND ORDER

This action is before the Court on Plaintiff's applications (docs. 107, 108) for charging orders pursuant to Ala. Code §§ 10A-5-6.05 and 10A-9-7.03 (1975) against defendants The Mitchell Company, Inc. and JDC Acquisition Corporation, respectively. Neither The Mitchell Company, Inc., nor JDC Acquisition Corporation, defendants herein, has responded as required by the Court's Order dated August 30, 2013 (doc. 122), or requested an extension of time within which to do so. It is, therefore, **ORDERED** that the applications for Charging Orders (docs. 107 and 108) are hereby **GRANTED**.

On June 11, 2013, the undersigned found that Plaintiff Scottsdale Insurance Company ("Scottsdale") had established the following amount of damages, which it sustained when the defendants failed to reimburse Scottsdale deductibles as required by the four commercial general liability insurance policies[1] issued by Scottsdale beginning in 2004, and that, consequently, as of June 11, 2013:

---

[1] The policies at issue in this litigation are identified in the Court's opinion as: Policy No. CLS1073942 ("Policy 1"), Policy No. CLS1140044 ("Policy 2"), Policy No. CLS1268607 ("Policy 3"), and Policy No. CLS1404086 ("Policy 4"). *See*, Doc. 101 at 3-5.

- The Mitchell Company, Inc., JDC Acquisition Corporation, JDC Florida, Inc., The Mitchell Company, an Alabama General Partnership, and Mitchell Homes, Incorporated are jointly and severally liable for $5,000.00 due with respect to Policy # 1.

- The Mitchell Company, Inc., JDC Acquisition Corporation, JDC Florida, Inc., and The Mitchell Company, Ltd. are jointly and severally liable for $51,000.00 due with respect to Policy # 2.

- The Mitchell Company, Inc., JDC Acquisition Corporation, JDC Florida, Inc., and The Mitchell Company, Ltd. are jointly and severally liable for $260,000.00 due with respect to Policy # 3.

- The Mitchell Company, Inc., JDC Acquisition Corporation, and JDC Florida, Inc., are jointly and severally liable for $29,000.00 due with respect to Policy # 4.

(Doc. 101 at 11-12). Judgment was entered on June 11, 2013, in favor of the plaintiff, Scottsdale Insurance Company, and against the defendants, The Mitchell Company, Inc., JDC Acquisition Corporation, JDC Florida, Inc., The Mitchell Company an Alabama General Partnership, Mitchell Homes, Incorporated, and The Mitchell Company, Ltd., in the total amount of $345,000.00, based on the above. (Doc. 102). No appeal of the Court's order was taken.

Scottsdale has now filed two applications (docs. 107, 108) for an Order charging the individual financial interests of The Mitchell Company, Inc. and JDC Acquisition Corporation, respectively, in its limited liability companies and limited partnerships with payment of the unsatisfied amount of Plaintiff's judgment, plus accrued interest and costs, to Ala. Code §§ 10A-5-6.05 and 10A-9-7.03 (1975).

The Rules of Civil Procedure state that "[a] money judgment is enforced by a writ of execution unless the court directs otherwise. The procedure on execution—and in

proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed.R.Civ.P. 69(a)(1) (2011). The law of Alabama, where this Court is located, provides for the following:

> On application to a court of competent jurisdiction by any judgment creditor of a member or assignee, the court may charge the interest of the member or assignee with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of financial rights. This section shall be the sole and exclusive remedy of a judgment creditor with respect to the judgment debtor's membership interest.

Ala. Code 10-12-35(a).[2]

Scottsdale has proffered evidence that Defendant The Mitchell Company, Inc., owns a membership interest in the following companies: Airport and Cody LLC, Calera Crossings, LLC, Cambridge Apartments, LLC, CP/DB Housing Partners IX, a California limited partnership, CP/DB Housing Partners VII, a California Limited Partnership, CP/DB Housing Partners VIII, a California Limited Partnership, CP/DB Housing Partners X, a California Limited Partnership, CP/DB Housing Partners XI, a California limited partnership, H & M, LLC, Hidden Lake, LLC , Holiday Isle, LLC, Hope VI Elderly, LLC, Huntington Park, LLC, Mitchell Montgomery I, LLC, Mitchell Riverwalk,

---

[2] The undersigned notes that this Court has previously issued charging orders pursuant to this statute. See Regions Bank v. Stewart, C.A. 10-0145-M, 2011 WL 1827453 (S.D. Ala. May 10, 2011(Doc. 68)); Vision Bank v. Swindall, C.A. 09-442-CG-M (S.D. Ala. April 3, 2012 (Doc. 108); November 30, 2010 (Doc. 71); December 4, 2012 (Doc. 111)). Other federal courts have done so as well under the state statutes of their jurisdiction. See, e.g., The First National Bank of Louisville, N.A. v. Young, 1995 WL 549128, *3 (D. Mass. 1995); Wooten v. Lightburn, 2009 WL 2424686, *2-3 (W.D. Va. 2009); General Electric Capital Corp. v. JLT Aircraft Holding Co., LLC, 2010 WL 3023316, *3 (D. Minn. 2010); and Lumbermens Mut. Cas. Co. v. Luciano Enterprises, LLC, 2005 WL 2340709, *1 (D. Alaska 2005).

LLC, Pinnacle, LLC, The Legg-Mitchell Group, LLC, The Southern Group I, LLC, The Southern Group II, LLC, West Park, LLC, Nine Mile Road of Pensacola, LLC, Gulf Condo, LLC, and Bentley Oaks, LLC (all referred to hereinafter as the "Companies"). (Doc. 107 at ¶ 3; Doc. 107-1).  Scottsdale has also proffered evidence that Defendant JDC Acquisition Corporation owns a membership interest in the following companies: Coronado Condominium, LLC, DMTC, LLC, and Legacy Asset Management, LLC (all referred to hereinafter as the "Companies").

Although the defendants, The Mitchell Company, Inc. and JDC Acquisition Corporation, were given an opportunity to respond to Scottsdale's applications and to challenge the evidence filed in support thereof, they neither responded nor sought an extension of the Court's deadline.  (Doc. 122).  Consequently, Scottsdale's applications are unopposed.  In addition, federal law and state law both allow Scottsdale to step into the defendants' shoes as "an assignee of financial rights" in order to satisfy its judgment against these defendants.  <u>Regions Bank</u>, 2011 WL 1827453 at *2.  It is, therefore, **ORDERED** that Scottsdale's applications (docs 107, 108) are hereby **GRANTED** and a separate Order to effectuate the decision in this memorandum will be entered.

**DONE** this  23rd  day of October, 2013.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

4